No. 24-4950

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Heidi Brown,
Respondent–Appellee,

v.

Arnaud Paris,
Petitioner–Appellant.

On Appeal from the United States District Court
For the District of Oregon, Medford Division
No. 1:24-cv-00648-AA
The Honorable Ann Aiken

**MOTION TO STAY MANDATE PENDING PETITION FOR WRIT OF CERTIORARI**

**Filed by:**
Heidi Brown, Respondent–Appellee, pro se
385 Strawberry Lane, Ashland, Oregon 97520
Email: heidimparis@gmail.com
Phone: (541) 944-2066

## MOTION TO STAY MANDATE PENDING PETITION FOR WRIT OF CERTIORARI

Pursuant to Federal Rule of Appellate Procedure 41(d)(2), Respondent–Appellee Heidi Brown respectfully moves this Court to stay issuance of the mandate pending the filing and disposition of a petition for writ of certiorari in the United States Supreme Court.

## I. BACKGROUND

On October 3, 2025, this Court issued its decision reversing the judgment of the United States District Court for the District of Oregon in *Paris v. Brown*, No. 24-4950.

On November 10, 2025, the Court denied Ms. Brown's combined petition for panel rehearing and petition for rehearing en banc. The mandate has not yet issued.

Ms. Brown intends to file a petition for writ of certiorari in the United States Supreme Court seeking review of this Court's decision. The petition will raise substantial questions of national importance regarding the application of the fugitive disentitlement doctrine in Hague Convention proceedings, the balance between state and federal court jurisdiction over child-custody determinations, and

the due process implications of enforcing state-court warrants in the context of international child-abduction litigation.

## II. LEGAL STANDARD

Under **Fed. R. App. P. 41(d)(2)(A)**, the Court "may stay the mandate pending the filing of a petition for a writ of certiorari" upon a showing that the petition "would present a substantial question" and that "there is good cause for a stay." A stay may not exceed **90 days** unless the petition is filed within that time, in which case the stay remains in effect until the Supreme Court's final disposition. **Fed. R. App. P. 41(d)(2)(B)**.

**Additional Consideration: Preservation of Reviewability.** If the Ninth District proceeds on the merits before the Supreme Court has an opportunity to review this issue, Respondent's ability to invoke the fugitive disentitlement doctrine will effectively become **moot**. Once the district court resumes adjudication on the merits, dismissal under that doctrine would no longer be available, and the core questions concerning enforceability, dignity, and deterrence would evade review. A limited stay of mandate is therefore necessary to preserve the Supreme Court's jurisdiction and to maintain the practical ability to enforce the doctrine in this case.

**Additional Consideration: Finality and Risk of Mootness.** Although the Ninth Circuit's decision technically remands the case, it conclusively determines that the fugitive disentitlement doctrine cannot be applied to bar Mr. Paris's civil Hague Convention petition. That ruling is binding on remand and not subject to further reconsideration by the district court. The case therefore falls squarely within the *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 482–83 (1975), exception recognizing appellate finality where the federal question has been fully resolved but remand proceedings are unrelated to it. If the district court proceeds on the Hague merits, Respondent's ability to seek dismissal under the fugitive disentitlement doctrine will become **moot**, and Supreme Court review of this important question will be permanently foreclosed. A stay is thus essential to preserve jurisdiction and prevent irreparable loss of review.

## III. ARGUMENT

**A. The forthcoming certiorari petition presents substantial questions and there is good cause for a stay.**

This case cleanly presents recurring, outcome-determinative questions about (1) the proper standard for applying fugitive disentitlement in **civil** Hague/ICARA proceedings and (2) how "enforceability," "dignity," "deterrence," and "abandonment" operate when the litigant has **already defied** federal and state orders in the very dispute at issue. A short stay will preserve the Supreme Court's jurisdiction and avoid reopening district-court proceedings that may again prove **unenforceable** if Mr. Paris continues to evade adverse rulings.

**B. Enforceability in Hague litigation is a continuing, forward-looking concern—not a snapshot.**

The panel's analysis treated "enforceability" as a moment-in-time inquiry drawn from property or criminal cases (e.g., *Degen*; *Mastro*; *Terabelian*). But **children are not static assets**. After the district court denied return in **Paris I**, Mr. Paris violated that judgment and Oregon TPOR orders by abducting the children to France. The district court found he would not abide adverse rulings and "shows a willingness to frustrate the resolution of the merits … by flight if he senses that the rulings will not go his way." *Paris v. Brown (In re J.P.)*, 2024 U.S. Dist. LEXIS 141871, at *18*. That concrete history makes enforceability an ongoing, practical problem that a stay—and ultimately the Court's review—should address.

**C. ICARA's own remedial tools underscore why enforceability, dignity, and deterrence matter here.**

- **Provisional remedies (22 U.S.C. § 9004(a)).** Courts may impose measures "to protect the well-being of the child … or to prevent the child's further removal or concealment" (e.g., passport surrender, *ne exeat*, supervised contact). Given Mr. Paris's demonstrated noncompliance, such remedies are necessary but **illusory** if he remains beyond the reach of enforcement.

- **Costs and fees (22 U.S.C. § 9007(b)(3)).** When return is ordered, ICARA **mandates** an award of necessary expenses unless "clearly inappropriate." Ms. Brown incurred substantial costs in addressing Mr. Paris's violations of **Paris I** and securing the children's return; fee-shifting is meaningless if a noncompliant litigant can ignore payment obligations.

- **Court powers and sanctions.** Federal courts may punish disobedience of lawful orders (**18 U.S.C. § 401(3)**) and impose **Rule 11** sanctions for papers submitted to harass, delay, or needlessly increase cost. Filing a **second** Hague petition after violating **Paris I** and abducting the children is precisely the kind of vexatious practice these authorities and the court's inherent powers are designed to check.

These statutes and rules do not replace fugitive disentitlement; they reveal why a narrow, instantaneous view of enforceability **misapprehends** Hague realities.

**D. The circuit conflict is real and mature.**

- **Broader, balancing approach.** The Second Circuit recognizes that **any one** disentitlement objective can independently justify dismissal where it weighs heavily enough. *United States v. Bardakova*, 145 F.4th 231, 245 (2d Cir. 2025). The Eleventh Circuit affirms dismissal **without prejudice** as a calibrated remedy that preserves access once fugitivity is cured. *Ener v. Martin*, 987 F.3d 1328, 1333 (11th Cir. 2021). The Sixth Circuit applied disentitlement in an ICARA case and held that treaty-based schemes do not strip courts of inherent equitable powers. *In re Prevot*, 59 F.3d 556 (6th Cir. 1995). See also *Pesin v. Rodriguez*, 244 F.3d 1250 (11th Cir. 2001).
- **Narrower approach.** By contrast, the First Circuit cautions that disentitlement can be "too harsh" in parental-rights cases absent a direct nexus. *Walsh v. Walsh*, 221 F.3d 204 (1st Cir. 2000). The Ninth Circuit's panel ruling aligns with this caution-heavy view and deepens a split that warrants the Court's review despite the much more direct nexus in the instant case than in *Walsh*.

**E. Dignity, deterrence, abandonment, and enforceability each support disentitlement on this record—and any one objective is sufficient.**

Mr. Paris defied **Paris I** and Oregon TPOR orders, later faced a bench warrant, and then sought to litigate anew while positioning himself beyond adverse consequences. That conduct squarely implicates:

- **Dignity.** Courts need not be used by those who flout their authority. See *Sasson v. Shenhar*, 276 Va. 611 (2008); *Norrie v. Krasnoff (In re Norrie)*, 2016 U.S. Dist. LEXIS 195849.

- **Deterrence/Abandonment.** Allowing relitigation after disobedience invites exactly the forum-shopping and tactical flight the Hague Convention was designed to deter. See *Holder v. Holder*, 392 F.3d 1009, 1013 (9th Cir. 2004) (Convention eliminates tactical advantages gained by absconding).

- **Enforceability.** As the Seventh Circuit explained, where a plaintiff's fugitivity places him beyond judicial control, "no measure … short of dismissal" protects the opponent from harassment and unrecoverable costs. *Sarlund v. Anderson*, 205 F.3d 973, 974–75 (7th Cir. 2000). See also *Douglas v. Cnty. of Riverside*, 2015 U.S. Dist. LEXIS 200597, at *16–17* (C.D. Cal.).

Consistent with **Bardakova**, any one objective can independently justify disentitlement; here, **all four** are present in force.

**F. Dismissal without prejudice is proportionate and preserves Convention access upon compliance.**

A **without-prejudice** dismissal conditions renewed access to ICARA on curing fugitivity (submission to jurisdiction; compliance with orders). *Ener*, 987 F.3d at 1333. This calibrated remedy protects children's stability and the integrity of federal and state judgments while avoiding a permanent bar.

**G. Due process and parental-liberty interests are vindicated—not harmed—by requiring compliance first.**

The **Fourteenth Amendment** protects parents' liberty interests in the care and custody of their children; meaningful process requires proceedings that produce **enforceable** outcomes. Allowing a repeat petitioner to weaponize noncompliance undermines Respondent's ability to obtain and enforce relief and burdens her First-Amendment right to petition by imposing extraordinary, unrecoverable defense costs. See also **Rule 11** (deterring filings that harass or needlessly increase costs). Conditioning litigation on curing fugitivity ensures a fair, enforceable forum for both parents.

**H. Additional authorities show this is not an inter-court "formality" problem but a practical, case-linked nexus.**

Courts have disentitled civil litigants whose fugitivity is **nexused** to the case or places them beyond judicial control—even when the underlying defiance was in a different tribunal. See *Sanchez-Alfonso v. BOPPS*, 2015 U.S. Dist. LEXIS 89168 (D. Or.); *Jon Major v. Strange*, 2023 U.S. Dist. LEXIS 228677; 2024 U.S. Dist. LEXIS 12826; *In re Norrie*, 2016 U.S. Dist. LEXIS 195849. That is precisely this case.

**I. A stay avoids irreparable prejudice and preserves Supreme Court jurisdiction.**

Without a stay, the district court may be forced back into complex, resource-intensive proceedings that risk **renewed noncompliance**, unrecoverable fees, and further instability for the children. A brief stay imposes no cognizable hardship on Mr. Paris and promotes judicial economy while the Supreme Court considers the important, recurring questions presented here. Mr. Paris has been granted parenting time in Oregon subject to conditions and only his refusal to resolve the warrants blocks his access to the children.

## IV. CONCLUSION

For the foregoing reasons, Respondent–Appellee Heidi Brown respectfully requests that this Court:

1. Stay issuance of the mandate for ninety (90) days pursuant to FRAP 41(d)(2)(A); and

2. Direct that, if a petition for writ of certiorari is timely filed, the stay remain in effect until the Supreme Court acts upon the petition.

RESPECTFULLY SUBMITTED this 14th day of November, 2025.

_____
Heidi Brown
385 Strawberry Lane,
Ashland, OR 97520
Telephone: (541) 944-2066
Email: heidimparis@gmail.com
Respondent-Appellee, Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Combined Petition for Panel Rehearing and Petition for Rehearing En Banc with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate electronic document submission system for people without lawyers. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. A copy will also be mailed by U.S. Mail, postage prepaid, to any non-registered party.

DATED this 14th day of November, 2025.

_____
Heidi Brown
385 Strawberry Lane,
Ashland, OR 97520
Telephone: (541) 944-2066
Email: heidimparis@gmail.com
Respondent-Appellee, Pro se